# Supreme Court of the Navajo Nation

---

## In re Application of Jerry D. Johnson
### Decided June 14, 1990

---

## OPINION

Before TSO, Chief Justice, AUSTIN and YAZZIE (sitting by designation), Associate Justices.

Vernon J. Roanhorse, Esq., and Nona Lou Etsitty, Esq., Navajo Legal Aid and Defender Service, Window Rock, Arizona, for the Applicant.

Opinion delivered by TSO, Chief Justice.

This case requires us to decide whether a writ of habeas corpus should be issued for the benefit of the applicant, Jerry D. Johnson. We deny the application.

### I

The facts are rather scanty. It appears that on March 14, 1990, the Chinle Family Court found Applicant Johnson in indirect civil contempt. Applicant's contempt was a result of his failure to obey the family court's order requiring him to present a plan to the court showing how he was going to purge himself of $10,350.00 in delinquent child support and simultaneously pay $250.00 per month for current child support. The court found that Applicant Johnson had willfully disobeyed the order requesting such a plan and issued a warrant for his arrest. Upon apprehension, Applicant Johnson was to be detained in the Chinle Jail until he had paid the full amount of the delinquent child support.

The facts do not show, nor has there been evidence presented to this Court, that Applicant Johnson is in jail or otherwise restrained by the authorities. Applicant Johnson obviously filed this application based upon his anticipation of being detained in accordance with the warrant to apprehend. The record also does not show that the proper authorities at the Chinle Detention Facilities have been served with this application for a writ of habeas corpus.

### II

We did not find any precedent from our jurisdiction on the subject of habeas corpus. Furthermore, the applicant has not referred us to any authority from any source on the subject. When the need arises to establish guidance for practitioners and our courts, we will do so. *Sells v. Sells*, 5 Nav. R. 104, 105 (1986).

This Court now establishes that a proceeding for a writ of habeas corpus is to be used to test the legality of a person's detention. *See* Indian Civil Rights Act,

25 U.S.C. § 1303 (1968). The determination in a habeas corpus proceeding is whether the applicant's detention, or restraint on the applicant's liberty, is illegal. In no case should a habeas corpus proceeding be used as a substitute for appeal.

The initial inquiry in this case is whether Applicant Johnson has shown by facts in his application that he is in jail or otherwise precluded by the authorities from exercising his liberty of going wherever he pleases. We answer this inquiry by reviewing all the facts set forth in applicant's application, together with all other documents filed by applicant. After careful examination of the facts presented by the applicant, together with the attached warrant to apprehend, we conclude that Applicant Johnson is not in jail or otherwise restrained by the authorities in any manner.

Applicant Johnson states on his application for habeas corpus that he is filing his application "to test the legality of [his] detention pursuant to the Chinle Family Court's Warrant to Apprehend." Applicant's Application at 2. This statement is insufficient to support a request for a writ of habeas corpus for three reasons. First, the statement itself does not qualify as fact; second, the statement does not support a finding that Applicant Johnson is in detention; and third, no facts have been alleged by Applicant Johnson to support his statement that he is in "detention."

Applicant Johnson also filed a copy of the warrant to apprehend apparently to show a possibility he may be detained. A possibility that an applicant may be detained at some future time is not a sufficient reason for us to grant a writ of habeas corpus. The remedy of habeas corpus is available to an applicant to secure his release from detention upon a showing of illegality of detention. If the applicant is not in detention, then it defies common sense to pursue his release. Where an applicant has not shown in his application that he is under restraint, an application for a writ of habeas corpus will not be considered further.

We will also not consider an application for a writ of habeas corpus where the applicant has a remedy by appeal. In this case, Applicant Johnson clearly has a remedy by appeal from the final order or final decision of the Chinle Family Court. Finally, as a matter of good practice, all facts in the application for a writ of habeas corpus should be verified and the application served on the authority from whom release is sought.

The application for a writ of habeas corpus in this case is denied.